UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION | |
| | MDL No. 17-md-2768-IT |
| This Document Relates To: | Individual Case No. |
| RONALD ROMICK and DONNA ROMICK, | |
| Plaintiffs, | SHORT FORM COMPLAINT AND JURY DEMAND |
| v. | |
| HOWMEDICA OSTEONICS CORP., | |
| Defendant. | |

1. Plaintiffs, RONALD ROMICK and DONNA ROMICK, state and bring this civil action in MDL No. 2768, entitled *In Re: Stryker LFIT V40 Femoral Head Products Liability Litigation*. Plaintiffs are filing this Short Form Complaint as permitted by this Court's Amended Case Management Order No. 2, dated October 23, 2017.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff, RONALD ROMICK is a resident and citizen of the state of Nebraska and claims damages as set forth below.

3. Plaintiff's Spouse, DONNA ROMICK, is a resident and citizen of the state of Nebraska, and claims damages as set forth below.

4. Venue of this case is appropriate in the United States District Court for the District of Nebraska. Plaintiffs state that but for the Order permitting directly filing into the District of

Massachusetts pursuant to Amended Case Management Order No. 2, Plaintiffs would have filed in the United States District Court for the District of Nebraska. Therefore, Plaintiffs respectfully request that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

5. Plaintiffs bring this action [check the applicable designation]:

__X__    On behalf of themselves;

_____    ~~In a representative capacity as the _____ of the __ having been duly appointed as the ____ by the __ Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

## FACTUAL ALLEGATIONS

Allegations as to **Right-Side** Implant/Explant Surgery(ies):

6. Plaintiff was implanted with an LFIT Anatomic CoCr V40 Femoral Head on his right hip on or about <u>September 2010</u>, at the Regional West Medical Center, 4021 Avenue B, in Scottsbluff, Nebraska 69361, by Dr. Stephen A. Purvis.

7. Plaintiff was implanted with the following femoral stem during the _____ surgery:

__X__        Accolade TMZF

_____        Accolade II

Other _____ (Femoral Stem)

8. ~~Plaintiff had the right femoral head at issue explanted on _____, at _____ (medical center and address), by Dr. _____.~~

9. ~~Plaintiff will have the right femoral head at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____.~~ *not*

10. Plaintiff has not yet scheduled a surgery for explantation of the right femoral head at issue.

Allegations as to **Left-Side** Implant/Explant Surgery(ies):

11. Plaintiff RONALD ROMICK was implanted with an LFIT Anatomic CoCr V40 Femoral Head on his left hip on or about July 27, 2010, at the Regional West Medical Center, 4021 Avenue B, in Scottsbluff, Nebraska 69361, by Dr. Stephen A. Purvis.

12. Plaintiff was implanted with the following femoral stem during the July 27, 2010 surgery:

    \_\_X\_\_    Accolade TMZF

    \_\_\_\_\_    Accolade II

    Other \_\_\_\_\_ (Femoral Stem)

13. Plaintiff had the left femoral head at issue explanted on April 5, 2021, at Presbyterian St. Luke's Medical Center, 1719 East 19th Avenue, Denver, Colorado 80218 (medical center and address), by Mark S. Tuttle, M.D.

14. ~~Plaintiff will have the left femoral head at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____.~~

15. ~~Plaintiff has not yet scheduled a surgery for explantation of the left hip implant at issue.~~

## ALLEGATIONS AS TO INJURIES

16. (a) Plaintiff RONALD ROMICK claims damages as a result of (check all that are applicable):

| | |
|---|---|
| __X__ | INJURY TO HIMSELF |
| _____ | INJURY TO THE PERSON REPRESENTED |
| _____ | WRONGFUL DEATH |
| _____ | SURVIVORSHIP ACTION |
| __X__ | ECONOMIC LOSS |

(b) Plaintiff DONNA ROMICK claims damages as a result of (check all that are applicable):

| | |
|---|---|
| __X__ | LOSS OF SERVICES |
| __X__ | LOSS OF CONSOTRIUM |

17. Plaintiff RONALD ROMICK has suffered injuries as a result of implantation of the Device(s) at issue manufactured by the Defendant as shall be fully set forth in Plaintiffs' anticipated Amended Complaint, as well as in Plaintiffs' Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

18. Defendant, by their actions or inactions, proximately caused the injuries to Plaintiffs.

19. Plaintiff RONALD ROMICK could not have known that the injuries he suffered were as a result of a defect in the Devices at issue until after the date the Device was recalled from the market and Plaintiffs came to learn of the recall.

20. In addition, Plaintiff RONALD ROMICK could not have known that he was injured by excessive levels of chromium and cobalt until after the date he had his blood drawn and he was advised of the results of said blood-work and the fact that those blood work abnormalities were attributable to a defect in the Device(s) at issue.

### CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

21. The following claims and allegations are asserted by Plaintiffs and are herein adopted by reference (check all that are applicable):

   __X__      COUNT I – NEGLIGENCE;

   __X__      COUNT II – NEGLIGENCE PER SE;

   __X__      COUNT III – STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN;

   __X__      COUNT IV – STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

   __X__      COUNT V – STRICT PRODUCTS LIABILITY – FAILURE TO WARN;

   __X__      COUNT VI – BREACH OF EXPRESS WARRANTY;

   __X__      COUNT VII – BREACH OF WARRANTY AS TO MERCHANTABILITY;

   __X__      COUNT VIII – BREACH OF IMPLIED WARRANTIES;

   __X__      COUNT IX - VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT

   __X__      COUNT X – VIOLATION OF CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW;

   __X__      COUNT XI – NEGLIGENT MISREPRESENTATION

   __X__      COUNT XII – LOSS OF CONSORTIUM

  __X__      COUNT XIII – UNJUST ENRICHMENT

  _____      COUNT XIV – WRONGFUL DEATH

  __X__      COUNT XV – PUNITIVE DAMAGES

In addition to the above, Plaintiffs assert the following additional causes of action under applicable state law:

Nebraska Product Liability, Neb. Rev. Stat. § 25-21,180

Nebraska Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-302

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. For restitution and disgorgement of profits; and,

6. For such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Date: January 26, 2022                                        Respectfully submitted,

                                                                   /s/ *George E. McLaughlin*
                                                                   George E. McLaughlin
                                                                   McLaughlin Law Firm, P.C.
                                                                   1890 Gaylord Street
                                                                   Denver, CO 80220
                                                                   720-420-9800 Telephone
                                                                   720-677-7707 Facsimile
                                                                   GEM@MCLLF.com